UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JULIE RICHARDSON,**

    **Plaintiff,**

vs.                                           **CASE NO.:**

**SHIVAM & SAAJAN CORP,**
a Florida Profit Corporation,
**RITA PATEL, Individually, and**
**SHIVAM PATEL, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, JULIE RICHARDSON, by and through her undersigned counsel, sues the Defendants, SHIVAM & SAAJAN CORP, a Florida Profit Corporation, RITA PATEL, Individually, and SHIVAM PATEL, Individually, and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Northern District of Florida, Panama City Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, JULIE RICHARDSON, is a resident of Leon County, Florida at all times material and worked for Defendant in this Judicial District during the applicable statute of limitations.

4. Defendant, SHIVAM & SAAJAN CORP, is a Florida Profit Corporation, authorized and doing business in this Judicial District.

5. At all times material hereto Defendant, RITA PATEL, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. At all times material hereto Defendant, SHIVAM PATEL, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

7. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

8. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

9. Plaintiff, JULIE RICHARDSON, was employed as a non-exempt employee with Defendants from approximately February 1, 2016 to August 31, 2022

as a Housekeeper.

10. Plaintiff worked in excess of 40 hours per work week for which she was not compensated by Defendants at a rate of time and one half her regular hourly rate.

## COUNT I
### (Fair Labor Standard Act - Overtime)

11. Plaintiff realleges paragraphs one (1) through ten (10) as though set forth fully herein.

12. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

13. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

14. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

15. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, JULIE RICHARDSON, respectfully request all legal

and equitable relief allowed by law including judgment against Defendants, SHIVAM & SAAJAN CORP and RITA PATEL, Individually, for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (Fair Labor Standards Act - Minimum Wage)

16. Plaintiff re-alleges paragraphs one (1) through fifteen (15) as though set forth fully herein.

17. At all times material hereto, Plaintiff was paid a salary.

18. Plaintiff regularly made less than the minimum wage required to be paid to employees under the FLSA.

19. At all times material, Defendants, SHIVAM & SAAJAN CORP, and RITA PATEL, Individually, failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage.

20. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

21. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, JULIE RICHARDSON, prays for the following against Defendants, SHIVAM & SAAJAN CORP, and RITA PATEL, Individually:

    a.    all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

    b.    liquidated damages;

    c.    payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    d.    such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

22.    Plaintiff requests a jury trial on all issues so triable.

Dated this 15th day of September, 2022.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Attorneys for Plaintiff*